UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-00142-TBR

RALPH JONES and WANDA JONES,
d/b/a RJ and Associates Realty                                                                      Plaintiffs,

v.

CAPITOL INDEMNITY COMPANY                                                                Defendant.

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon the Motion to Amend Complaint filed by Plaintiffs Ralph Jones and Wanda Jones, doing business as RJ Associates Realty (collectively, "Plaintiffs"). (Docket No. 28.)  Defendant Capitol Indemnity Company ("Capitol") has responded.  (Docket No. 31.)  Plaintiffs have not replied, and the time for doing so has elapsed.  Fully briefed, this matter stands ripe for adjudication.  For the reasons set forth below, Plaintiffs' motion will be DENIED.

**Factual Background**

Plaintiffs purchased an insurance policy covering an office building that they owned in Hopkinsville, Kentucky.  The policy was effective from April 1, 2011, through April 1, 2012.  It contained a provision limiting the insureds' right to sue Capitol:  "No one may bring a legal action against us under this insurance unless: (a) There has been full compliance with all the terms of this insurance; and (b) The action is brought within 2 years after the date on which the direct physical loss or damage occurred."  (Docket No. 31-9, Affidavit Declaration of William Weirough, Part 9, at 11.)

Plaintiffs' insured property was destroyed by fire on August 28, 2011.  In their complaint, filed August 22, 2013, Plaintiffs seek compensatory damages for the loss of the building itself and its

contents, as well as for loss of business income. (Docket No. 1.) Capitol alleges in its counterclaim that the fire resulted not from accident, but from an intentional act committed by Ralph Jones. Capitol contends that it issued a payment under the policy on September 21, 2011, in the amount of $34,902.81, but that this payment was the product of either fraud or mistaken belief. It now seeks to recover this amount. (Docket No. 16.)

In the instant motion, Plaintiffs seek to add a claim to their Complaint, alleging that Capitol violated the Kentucky Unfair Claims Settlement Practices Act ("UCSPA"), KRS §304.12-230. Capitol responds that the Court should deny Plaintiffs' motion, as amendment would be futile in light of the parties' agreement.

## Analysis

Federal Rule of Civil Procedure 15(a)(2) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Courts construe Rule 15 liberally. *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003). However, courts may deny leave to amend for several reasons, including undue delay. *See Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 519 (6th Cir. 2001) ("Leave to file an amended complaint . . . should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility.") (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). Delay alone generally does not justify denial of leave to amend. *Sec. Ins. Co. v. Tucker & Assocs., Inc.*, 63 F.3d 1001, 1009 (6th Cir. 1995); however, at some point, "delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) (quoting *Adams v. Gould*, 739 F.2d 858, 863 (3d Cir. 1984)).

Sixth Circuit precedent reflects that the measure of delay in seeking leave to amend a complaint runs from the time that the movant knew or should have known of the defect is his complaint. *See, e.g.*, *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828 (6th Cir. 1999) (holding that the clock begins to run when the plaintiff becomes aware of "the basis of the claim"). Even in the absence of bad faith or dilatory motive, "[l]iberality in pleading does not bestow on a litigant the privilege of neglecting her case for a long period of time. While we must give a party a fair chance to present claims and defenses, we must also protect a busy district court [from being] imposed upon by the presentation of theories seriatim." *Daves v. Payless Cashways, Inc.*, 663 F.2d 1022, 1025 (5th Cir. 1981) (internal quotations omitted).

In this case, the facts underlying the proposed amended complaint were well known to Plaintiffs and their counsel at the time that the original complaint was filed. Plaintiffs have provided no explanation for either his failure to include the UCSPA claim in his original complaint or for the one-year delay between the filing of his complaint and the motion to amend. Moreover, Plaintiffs failed to reply to Capitol's argument that amendment was improper here. The Court finds that under these facts, and given the lack of justification, this period amounts to undue delay. Because Plaintiffs unreasonably delayed in seeking leave to amend his complaint to allege a UCSPA claim, the Court will deny their motion to amend.

## ORDER

The Court having reviewed pertinent portions of the record and being otherwise sufficiently advised, IT IS HEREBY ORDERED that Plaintiffs' motion to amend their complaint, (Docket No. 28), is DENIED.